IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00464-LTB-MJW

DIANA JOHNSON,

    Plaintiff,

v.

TOWN OF VAIL, COLORADO,
JAMES APPLEGATE,
JESSICA DEERY, and
CRAIG BETTIS,

    Defendants.

**ORDER REGARDING DEFENDANTS' MOTION TO COMPEL DISCLOSURES
(DOCKET NO. 26)**

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants' Motion to Compel Disclosures (docket no. 26). The court has reviewed the subject motion (docket no. 26) and the response (docket no. 32) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

In the subject motion, Defendants request that this court enter an order compelling Plaintiff to provide to Defendants a copy of Abraham Hutt's "investigation file." Defendants argue that the "investigation file" is subject to disclosure under Fed. R. Civ. P. 26. In support of such argument, Defendants assert that the "investigation file"

should be turned over to Defendants on the following grounds: (1) that Plaintiff has failed to provide adequate Rule 26(a)(1) disclosures and has failed to file a privilege log with respect thereto; (2) that non-disclosure of Defendant James Applegate's prior statement during cross examination was a violation of Fed. R. Evid. 613; (3) that the investigation file is not protected by the work product doctrine; (4) that Defendants have a substantial need for the investigation file; (5) that the work product privilege has been waived; and (6) that the investigation file lost its work product protection when Mr. Hutt provided it to successor counsel.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That substantially for the reasons stated in the Plaintiff's Memorandum in Opposition to Defendants' Motion to Compel Disclosures (Docket No. 32), Defendants' motion is without merit. As correctly noted by the Plaintiff, while Defendants ask for the entire investigative file, they discuss only one statement that was purportedly read from the investigator's file/notes/memo/report. Furthermore, Mr. Applegate did not answer the question posed during the deposition. In addition, production of the investigative

3

file was not required under Fed. R. Civ. P. 26(a)(1)(A)(ii).  Also, the work product privilege has not been waived under the circumstances presented here.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants' Motion to Compel Disclosures (docket no. 26) is **DENIED**.

2. That each party pay their own attorney fees and costs for this motion.

Done this 1st day of October, 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
United States Magistrate Judge